T.C. Memo. 2003-75


UNITED STATES TAX COURT


GREEN FOREST MANUFACTURING INC., Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 1596-01.                    Filed March 14, 2003.


        P is engaged in the business of assembling,
manufacturing, and selling furniture.  P depreciated
certain items of equipment used predominantly outside
the United States.  In accordance with the modified
accelerated cost recovery system (MACRS), alternative
depreciation system rules, R reclassified certain items
of P's equipment.  The reclassification required a
change in recovery period for all of the reclassified
items of equipment, and a change in depreciation method
for some of the reclassified items of equipment.  P
concedes that R's reclassification is correct.

        R determined that reclassification of the items of
equipment is a change in P's method of accounting that
requires an adjustment pursuant to sec. 481(a), I.R.C.

        <u>Held</u>:  The change in MACRS classification of the
items of equipment is excluded from the definition of a
change in method of accounting, and an adjustment
pursuant to sec. 481(a), I.R.C., is not required.

Commissioner v. Brookshire Bros. Holding, Inc. & Subs.,
___ F.3d ___ (5th Cir., Jan. 29, 2003), affg. T.C.
Memo. 2001-150, followed.


Robert J. Gumser, for petitioner.

Yvonne M. Peters, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

NIMS, Judge:  Respondent determined Federal income tax deficiencies for petitioner's tax fiscal years ended in August 1996, August 1997, and August 1998, in the amounts of $147,277, $31,983, and $46,729, respectively.  At trial, petitioner conceded that the modified accelerated cost recovery system (MACRS), alternative depreciation system rules, in accordance with section 168(g)(1), required petitioner to use a 10-year recovery period and the straight-line method of depreciation for items of petitioner's equipment that were placed in service after 1986 and used predominantly outside of the United States.  The issue for decision is whether a change in MACRS classification that results in a change in depreciation method and recovery period is a change in method of accounting for purposes of an adjustment pursuant to section 481(a).

Unless otherwise indicated, all section references are to sections of the Internal Revenue Code in effect for the years at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found.[1] The stipulations of the parties, with accompanying exhibits, are incorporated herein by this reference. At the time the petition was filed, petitioner's principal office was located in San Diego, California.

I. Petitioner's Operations

Petitioner is engaged in the business of assembling, manufacturing, and selling furniture. The dispute in this case relates to the depreciation of several items of equipment (Equipment) owned by petitioner. Each item of the Equipment was placed in service after 1986. For each year petitioner owned the Equipment, the number of days each item of the Equipment was physically located outside the United States exceeded the number

---

[1] The parties stipulated various facts relating to the equipment at issue in this case. Paragraphs 4, 7, and 10 of the "STIPULATION OF FACTS" describe the equipment at issue in this case. In referring to the paragraphs describing the equipment at issue in this case, the parties mistakenly refer to paragraphs 4, 7, and 9. Paragraph 9 does not describe any equipment at issue in this case. The references to paragraph 9 appear to be a repeated typographic error. As such, references in the "STIPULATION OF FACTS" to paragraph 9 will be treated as if the references were to paragraph 10.

of days that each item was physically located within the United States. During the time petitioner owned the Equipment, it was used to assemble or manufacture furniture. The foreign business using the Equipment was not subject to U.S. Federal income tax. Petitioner sold the furniture that was manufactured using the Equipment.

II. Petitioner's Accounting

For all relevant years, petitioner used the accrual method of accounting. On its Form 1120, U.S. Corporation Income Tax Return, for each of the relevant years, petitioner depreciated each item of the Equipment using either the double-declining balance method or the straight line method. For each item petitioner depreciated using the double-declining balance method, petitioner used either a 3-year or a 5-year recovery period. For each item petitioner depreciated using the straight line method, petitioner used a 5-year recovery period.

Respondent examined petitioner's returns for each of the relevant years and issued a notice of deficiency with respect to those years. Therein, respondent determined that petitioner's deductions for depreciation of items of the Equipment for the relevant years must be decreased because petitioner failed to compute depreciation using the alternative depreciation system for tangible property used predominantly outside the United States, as required under section 168(g)(1)(A). Respondent also

determined that the change in deductions for depreciation was a change in accounting method for which an adjustment pursuant to section 481(a) was required for the tax year ended in 1996.

At trial, petitioner conceded that respondent's determination relating to the deductions for depreciation is correct. Petitioner conceded that each item of the Equipment should be reclassified under MACRS, alternative depreciation system rules, in accordance with section 168(g)(1)(A), and depreciated using the straight-line method and a 10-year recovery period.

Petitioner continues to challenge respondent's determination relating to the adjustment pursuant to section 481(a) on multiple, alternative grounds. First, petitioner claims that a change in MACRS classification is not a change in method of accounting for which section 481(a) requires an adjustment. Second, petitioner claims that fairness should prevent an adjustment under section 481(a) because respondent's agent reviewed and accepted petitioner's method of depreciation and accumulated depreciation during an examination of petitioner's tax years ended in 1992 and 1993. Finally, on brief, petitioner argues that respondent should not be allowed to assert an adjustment pursuant to section 481(a) without considering and applying section 481(b).

OPINION

I.  General Rules

    A.  Depreciation Deductions

    Depreciation deductions are primarily governed by sections 167 and 168.  Section 168 describes a specific depreciation system for tangible property.  As part of the Tax Reform Act of 1986, Pub. L. 99-514, secs. 201, 203, 100 Stat. 2122, 2143, Congress replaced the accelerated cost recovery system with MACRS, effective generally for property placed in service after December 31, 1986, and section 168 was amended accordingly.  As such, depreciation deductions for tangible property placed in service after 1986 are generally determined under section 168. Section 168 prescribes two systems for determining depreciation deductions:  (1) The general depreciation system in section 168(a), and (2) the alternative depreciation system in section 168(g).  Taxpayers are required to use the alternative depreciation system for "any tangible property which during the taxable year is used predominantly outside the United States". Sec. 168(g)(1)(A).

    B.  Adjustments Pursuant to Section 481

    Section 481(a) provides for adjustments required by changes in a taxpayer's method of accounting.  If a taxpayer has changed his method of accounting, the taxpayer must take "into account those adjustments which are determined to be necessary solely by

reason of the change in order to prevent amounts from being duplicated or omitted". Sec. 481(a)(2). If there has been a change in method of accounting, then section 481(a) applies and adjustments are made thereunder to prevent the omission or duplication of taxable income caused solely by the change in method of accounting. If there has not been a change in method of accounting, then no adjustment pursuant to section 481(a) is made.

A change in method of accounting to which section 481(a) applies includes "a change in the overall method of accounting for gross income or deductions, or a change in the treatment of a material item." Sec. 1.481-1(a)(1), Income Tax Regs.

Regulations promulgated under section 481(a) incorporate the rules of section 446(e) and section 1.446-1(e), Income Tax Regs., for determining when a change in method of accounting has occurred. Sec. 1.481-1(a)(1), Income Tax Regs. A change in method of accounting "includes a change in the overall plan of accounting for gross income or deductions or a change in the treatment of any material item used in such overall plan." Sec. 1.446-1(e)(2)(ii)(a), Income Tax Regs. A material item, in turn, "is any item which involves the proper time for the inclusion of the item in income or the taking of a deduction." Id.

Regulations also detail certain types of adjustments, with examples thereof, that are specifically excluded from characterization as changes in method of accounting:

>     A change in method of accounting does not include correction of mathematical or posting errors, or errors in the computation of tax liability * * *.  Also, a change in method of accounting does not include adjustment of any item of income or deduction which does not involve the proper time for the inclusion of the item of income or the taking of a deduction.  For example, corrections of items that are deducted as interest or salary, but which are in fact payments of dividends, and of items that are deducted as business expenses, but which are in fact personal expenses, are not changes in method of accounting.  In addition, a change in the method of accounting does not include an adjustment with respect to the addition to a reserve for bad debts or an adjustment in the useful life of a depreciable asset.  Although such adjustments may involve the question of the proper time for the taking of a deduction, such items are traditionally corrected by adjustments in the current and future years. * * * [Sec. 1.446-1(e)(2)(ii)(b), Income Tax Regs.]

Thus, even though an adjustment in the useful life of a depreciable asset may involve the question of the proper time for the taking of a deduction, such an item is includable among those that are traditionally corrected by adjustments in the current and future years, and a change in accounting method is not involved.  The regulation is totally consistent with the language of section 481(a)(2) because the useful life adjustment is not a change "necessary * * * to prevent amounts from being duplicated or omitted".  Therefore, section 481(a) is not implicated so as to require an adjustment thereunder.

## II. Contentions of the Parties

As detailed above, petitioner has conceded that each item of the Equipment should be reclassified and depreciated in accordance with MACRS, alternative depreciation system rules. The parties agree that according to those rules, each item of the Equipment should be depreciated using the straight-line method and a 10-year recovery period.

Respondent argues that the reclassification is a change in method of accounting because the term "useful life" is not synonymous with the term "recovery period" for purposes of section 1.446-1(e)(2)(ii), Income Tax Regs. Petitioner, however, relies on our holding in Brookshire Bros. Holding, Inc. & Subs. v. Commissioner, T.C. Memo. 2001-150, affd. ___ F.3d ___ (5th Cir., Jan. 29, 2003), to argue that the reclassification is not a change in method of accounting. In Brookshire Bros. Holding, Inc. & Subs., we held that the taxpayer's change in MACRS classification of an asset, which resulted in a change in both the depreciation method and the recovery period, was excluded from the definition of a change in method of accounting by reason of analogy to the useful life exception contained in section 1.446-1(e)(2)(ii)(b), Income Tax Regs.

## III. Analysis

Petitioner did not alter its overall plan of accounting for income and deductions. Rather, respondent required that

petitioner reclassify each item of the Equipment in accordance with MACRS, alternative depreciation system rules, as required under section 168(g)(1)(A).  Such reclassification resulted in a change in depreciation method and recovery period.  Even though petitioner concedes that the reclassification is correct, it argues that, under the rationale explicated in Brookshire Bros. Holding, Inc. & Subs. v. Commissioner, supra, a reclassification of property under MACRS is to be treated as synonymous with an adjustment in useful life for purposes of a regulatory exception contained in section 1.446-1(e)(2)(ii)(b), Income Tax Regs.

Respondent argues that for purposes of section 1.446-1(e)(2)(ii), Income Tax Regs., as interpreted by the Commissioner, the term "useful life" is not synonymous with the term "recovery period."  Respondent cites Thomas Jefferson Univ. v. Shalala, 512 U.S. 504 (1994), for the propositions that this Court should "give substantial deference to an agency's interpretation of its own regulations", and "must defer to an agency's interpretation unless an alternative reading is compelled by the regulation's plain language or by other indications of the agency's intent at the time the regulation is promulgated."  The weight accorded to an agency's interpretation depends on the thoroughness of the agency's consideration, validity of its reasoning, consistency with earlier and later pronouncements, and other factors that give an interpretation the

power to persuade.  United States v. Mead Corp., 533 U.S. 218, 228 (2001) (citing Skidmore v. Swift & Co., 323 U.S. 134, 140 (1944)).

Respondent urges that the Commissioner's interpretation of section 1.446-1(e)(2)(ii), Income Tax Regs., is that a change in recovery period or depreciation method in contrast to a change in useful life is a change in method of accounting.

As indicative of the Commissioner's interpretation of section 1.446-1(e)(2)(ii), Income Tax Regs., respondent cites Internal Revenue Service Publication 538, which states: "[C]hanges that are not changes in accounting methods and do not require consent * * * [include an] adjustment in the useful life of a depreciable asset.  You cannot change the recovery period for ACRS or MACRS property".  IRS Pub. 538, Accounting Periods and Methods (1994).  Respondent also cites Rev. Proc. 96-31, sec. 2.01, 1996-1 C.B. 714, which provides that a "change from not claiming the depreciation or amortization allowable * * * to claiming the depreciation allowable is a change in method of accounting".

The level of deference accorded to an agency's interpretation of its own regulation is based, in part, on the thoroughness in the agency's consideration and validity of its reasoning.  United States v. Mead Corp., supra at 228.  Neither Pub. 538 nor Rev. Proc. 96-31 provides any reason why a change in

MACRS classification should not be treated as analogous to a change in useful life and, therefore, excluded from the definition of a change in method of accounting.

In <u>Brookshire Bros. Holding, Inc. & Subs. v. Commissioner</u>, <u>supra</u>, we concluded:

> The similarities between a change in MACRS classification and a change in useful life are greater than the differences. Section 1.446-1(e)(2)(ii)(<u>b</u>), Income Tax Regs., was <u>clearly intended</u> to permit taxpayers to alter their depreciation schedules. The type of adjustment explicitly permitted--a change in useful life--would have resulted both in depreciation deductions over a longer or shorter period than originally contemplated and in an increased or decreased amount being deducted in any given period. A change in MACRS classification will have precisely these same two effects. Although a portion of the change in amount may be attributable to calculation method, as opposed to period length alone, such carries insufficient weight when balanced against severely limiting the intended relief. [Emphasis added.]

In affirming the opinion of this Court, the U.S. Court of Appeals for the Fifth Circuit stated:

> we fully agree with the Tax Court that the applicable regulations were meant to allow taxpayers to make temporal changes in their depreciation schedules * * * Clearly, doing so would produce changes in the length of time over which deductions are taken as well as concomitant changes in the amount of the deduction for any given tax year--and such a change under MACRS would produce exactly the same results. [<u>Commissioner v. Brookshire Bros. Holding, Inc. & Subs.</u>, ___ F.3d ___ (5th Cir., Jan. 29, 2003), affg. T.C. Memo. 2001-150.]

Given our holding in <u>Brookshire Bros. Holding, Inc. & Subs. v. Commissioner</u>, <u>supra</u>, and our statement therein as to agency intent at the time the regulation was promulgated, we need not

defer to the agency's interpretation as reflected in Pub. 538 and Rev. Proc. 96-31. Cf. <u>Kurzet v. Commissioner</u>, 222 F.3d 830 (10th Cir. 2000)(giving deference to the Commissioner's contrary interpretation of section 1.446-1(e)(2)(ii)(<u>b</u>), Income Tax Regs.), affg. in part, revg. in part, and remanding T.C. Memo. 1997-54 and an Oral Opinion of this Court. Moreover, there is nothing in the record to indicate the adjustments that respondent made to reflect the change in classification of each item of the Equipment or that the rationale of <u>Brookshire Bros. Holding, Inc. & Subs.</u> is not appropriate to this case.

For the foregoing reasons, we hold that the change in MACRS classification of each item of the Equipment is not a change in petitioner's method of accounting. Since there is no change in method of accounting, an adjustment pursuant to section 481(a) is not required. Accordingly, we need not reach petitioner's other contentions regarding equitable relief or section 481(b).

To reflect the foregoing and petitioner's concessions,

<u>Decision will be entered under Rule 155</u>.